UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICAGO'S PIZZA INC., | No. 2:19-CV-02373-KJM-CKD |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| KSM PIZZA, INC., | |
| Defendant. | |

          In this dispute between two pizza companies over defendant's use of a logo that allegedly infringes on plaintiff's trademark, defendant moves to dismiss plaintiff's complaint. Mot., ECF No. 9. Plaintiff has brought three claims: (1) false designation of origin, false description, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), Compl. ¶¶ 24–32; (2) trademark infringement under California state and common law, *id.* ¶¶ 33–38; and (3) unfair competition under California state and common law, *id.* ¶¶ 39–44. Defendant moves under Federal Rule of Civil Procedure 12(b)(1), arguing the court lacks subject matter jurisdiction and requesting an evidentiary hearing, as well as under Rule 12(b)(6), arguing all of plaintiff's claims fail as a matter of law, because plaintiff has expressly disclaimed any rights to the words "Chicago's Pizza." Mot. Plaintiff opposes, Opp'n, ECF No.11, and defendant did not file a

1

reply. Having reviewed the allegations of the complaint and the parties' briefing, the court orders as follows:[1]

I.      SUBJECT MATTER JURISDICTION & REQUEST FOR EVIDENTIARY HEARING

Defendant argues the court should dismiss plaintiff's Lanham Act claim based on 15 U.S.C. § 1125(a), on which the court's federal question subject matter jurisdiction rests because "[e]asily discerned incontrovertible evidence exists," including invoices and photographs, "that the court could receive under an evidentiary hearing that will establish that the 'look and feel' claims being asserted are false and fraudulent." Mot. at 1–2. Specifically, defendant contends it began using the allegedly infringing logo before plaintiff began use of its logo. *Id.*

While defendant is correct that the court has discretion to consider extrinsic evidence to evaluate the merits of jurisdictional claims, a court may not resolve genuinely disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional," *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 140 (9th Cir. 1983), and are only permitted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous," *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). The Ninth Circuit has directed district courts to apply the summary judgment standard and grant such a motion only if "relevant facts [are] not in dispute and the [movant is] entitled to prevail as a matter of law." *Augustine v. United States*, 704 F.2d 1074, 1079 (9th Cir. 1983). As relevant to defendant's motion, the decision whether to conduct an evidentiary hearing on the issue is in the court's discretion. *McLachlan v. Bell*, 261 F.3d 908, 910 (9th Cir. 2001) (citation omitted).

---

[1] In an effort to streamline resolution of motions to dismiss in cases where the parties have counsel, given that the court is granting leave to amend, it is adopting the shortened form of order used here.

It is clear defendant asks the court to determine factual issues that go to the heart of plaintiff's Lanham Act claim.  However, there is no evidence the claim is immaterial, insubstantial or frivolous.  *Bell*, 327 U.S. at 682–83.  In fact, defendant did not present any actual evidence with its motion other than a copy of plaintiff's federal trademark filing and plaintiff's California trademark registration.  *See* Req. for Jud. Not., ECF No. 9-2.  Defendant explains counsel was unable to submit further evidence because he did not learn defendant had been served until the last minute.  Mot. at 4 n.1.  This does not persuade the court that an evidentiary hearing is warranted, especially because defendant has offered no potential witnesses nor pointed to necessary credibility determinations that might warrant an evidentiary hearing.  Accordingly, the court DECLINES to hold an evidentiary hearing to consider defendant's evidence on the Lanham Act claim at this time.

II.     FAILURE TO STATE A CLAIM

Defendant's alternative argument is that all three of plaintiff's claims fail because plaintiff's California trademark disclaimed any claim to "Chicago" and "Pizza"; therefore, any claim based on consumer confusion caused by defendant's use of the logo containing the words "Chicago's Pizza" necessarily fails.  Mot. at 3.

In support of this argument, defendant requests the court judicially notice a true and correct copy from the United States Patent and Trademark Office's TESS system of plaintiff's trademark filing for the phrase "Chicago's Pizza with a twist," and Exhibit B attached to defendant's motion, which is the California trademark registration number 00120908 referenced at paragraph 11 of the complaint.  *See* Req. for Jud. Not. at 1.  Because the request is unopposed, and the documents are records of administrative bodies that are readily verifiable, the court GRANTS defendant's request.  *See City of Beverly Hills v. Berry*, No. CV144618 RSWLMANX, 2014 WL 12597156, at *2 (C.D. Cal. Nov. 5, 2014) (granting unopposed request for judicial notice of trademark registration from United States Patent and Trademark Office in part as a record of an administrative body).

Defendant anticipates plaintiff "will argue that the 'look and feel' allegations about ink choices and colored bars and fonts is the basis of its claims," but counters that "it is difficult

3

to reconcile consumer confusion with the fact that it would probably be based more on the use by both parties of 'Chicago's Pizza' than fonts and colors." Mot. at 3. Plaintiff's complaint specifically alleges that defendant's "confusingly similar" logo has "red block lettering surrounded by black trim and four green horizontal lines preceding and following the word 'PIZZA.'" Compl. ¶ 14. Plaintiff's claims based on defendant's use of the logo causing consumer confusion between the two businesses is not, on its face, based entirely on defendant's use of the words "Chicago's Pizza." Whether or not elements of the logo other than use of the words "Chicago's Pizza" cause consumer confusion is a question of fact reserved for the jury, and the court cannot resolve it here. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) ("The ultimate question of likelihood of confusion "is predominantly factual in nature[.]" (citation omitted)). Defendant has not met its burden of showing plaintiff's claims should be dismissed as a matter of law, and therefore the court DENIES defendant's motion to dismiss.

III. CONCLUSION

The motion is DENIED. This order resolves ECF No. 9.

IT IS SO ORDERED.

DATED: July 2, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

4