UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chicago's Pizza, Inc., | No. 2:19-cv-02373-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| KSM Pizza, Inc., | |
| Defendant. | |

Plaintiff Chicago Pizza, Inc. has sued defendant KSM Pizza to enjoin the latter's use of a logo that allegedly infringes on plaintiff's trademark. Plaintiff/cross-defendant's motion to dismiss defendant's cross-complaint currently is pending before the court. **The motion is granted with leave to amend.**

I.   **BACKGROUND**

The two pizza companies here dispute rights to use of the words "Chicago's Pizza." *See generally* Compl., ECF No. 1. Defendant alleges its first and continuous use of the Chicago's Pizza name, logo, menus, recipes "and all components of the brand" (collectively referred to as the "Chicago's Pizza intellectual property"). Cross-Compl. ¶ 1, ECF No. 22. Defendant asserts ownership of a copyright in the Chicago's Pizza logo through the following chain of title: Kuldip Didhu and Kulwinder Singh purchased a pizza restaurant in 1994 that subsequently became known as Chicago's Pizza. *Id.* ¶¶ 41–43. Major Sangha later purchased Singh's rights in the

1

"partnership," which included the Chicago's Pizza intellectual property. *Id*. ¶ 43. Sangha and Didhu worked full time at Chicago's Pizza as 50/50 partners until January 2000 when they decided to cease operating Chicago's Pizza at its then location. *Id*. ¶¶ 43–45. Sangha and Didhu, along with Sharanjit Singh Gill, resumed operation of Chicago's Pizza at a new location approximately three and a half years later. *Id*. ¶ 46. Gill operated the business until the beginning of 2012 when Sharanpreet Atwal and Naveen Khosla took over operations. *Id*. ¶ 54. Atwal and Khosla ceased operating the business in August 2014, and "other individuals" ran Chicago's Pizza until Gill resumed operations of Chicago's Pizza in January 2017. *Id*. ¶ 50. KSM was formed on December 21, 2018, and opened "The Original Chicago's Pizza & Curry" in Elk Grove, California in 2019. *Id*. ¶¶ 1, 50–51.

The court set forth additional relevant facts in its order on defendant's motion to dismiss plaintiff's complaint and incorporates those facts by reference here. First Mot. to Dismiss Order (July 6, 2020), ECF No. 20. In that order, the court found defendant "ha[d] not met its burden [of] showing plaintiff's claims should be dismissed as a matter of law" and denied defendant's motion to dismiss. *Id.* at 4.

In its cross-complaint defendant sues plaintiff and twenty-one additional cross-defendants, making five claims: (1) false designation of origin and descriptions, 15 U.S.C. § 1125(a); (2) trademark infringement, 15 U.S.C. § 1125(a); (3) misappropriation of trade secrets, Cal. Civ. Code § 3426, *et seq.*; (4) fraudulent registration of trademark, Cal. Bus. & Prof. Code § 14200, *et seq.*, and (5) fraud and unfair competition in violation of the California Unfair Business Practices Act, Cal. Civ. Code § 3294. *See generally* Cross-Compl.

Plaintiff moves under Rule 12(b)(6) to dismiss defendant's cross-complaint. Mot. to Dismiss (MTD), ECF No. 30-1. Defendant opposes, Opp'n, ECF No. 35, and plaintiff has replied, Reply, ECF No. 36. The court submitted the matter on the papers without oral argument. *See* Minutes, ECF No. 37.[1]

---

[1] As discussed at the initial status conference on September 30, 2021, defendant's counsel may file an amended cross-complaint to include allegations related to communications with a non-English speaking cross-claimant.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. DISCUSSION

Plaintiff argues the court should dismiss defendant's five crossclaims because defendant has not alleged "continuous prior use" of the Chicago's Pizza intellectual property; instead, its allegations show "disjointed, non-continuous use." Mot. at 5. Additionally, plaintiff contends defendant's state law claims are either barred by a three-year statute of limitations, or do not allege fraud with the requisite particularity to state a claim upon which relief can be granted. *See Id*. at 10.

The court does not address each claim separately because doing so is unnecessary to resolve the instant motion. The court addresses the federal claims together first, the state law claims involving trade secrets second and fraud third.

**A. Federal Claims**

The court begins with plaintiff's argument that defendant has not sufficiently pled a violation of trademark infringement. "[T]he party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, 772 F. Supp. 2d 1155, 1167 (C.D. Cal. 2009). Here, the defendant ultimately "bears the burden of proving copyright ownership." *Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, 654 F.3d 958, 962 (9th Cir. 2011). Because a "[c]omplete chain [of title] is necessary to establish ownership," *id*.,

defendant's copyright action will require it to establish each link if it is to prevail on the merits. At this stage of the case, defendant must plausibly plead chain of title. With this in mind, defendant's allegations plead at best some links in what appears to be a fractured chain of ownership and use of the Chicago's Pizza name, logo, menus, recipes, and all components of the brand, *see* Cross-Compl. ¶ 1, among various owners, *id.*, ¶¶ 41–54, with some gaps in use, *id.*, ¶¶ 41–43. *Cf. Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017) (noting circumstantial evidence can serve as proof if it establishes "a chain of events . . . between the plaintiff's work and defendants' access to that work" (internal quotations and citation omitted)).

All of the foregoing also applies to the defendant's claim for false designation of origin and descriptions. Defendant's reliance on *Lucasfilm Ltd. LLC v. Ren Ventures Ltd.*, No. 17-CV-07249, 2018 WL 5310831, at *6 (N.D. Cal. June 29, 2018), to argue the question of "continuous use" is a question of fact "that cannot be determined on the pleadings alone," Mot. at 3, is unavailing. Defendant's cross-complaint simply does not include all the allegations to plausibly establish "an unbroken line of use" going back to the date of defendant's initial use of the Chicago Pizza logo. *See* Reply at 3 (citing McCarthy on Trademarks & Unfair Competition § 26:5 (5th ed. 2017)). The court grants plaintiff's motion to dismiss defendant's crossclaims for violations of trademark infringement and false designation of origin and descriptions, but with leave to amend, if amendment is possible subject to Federal Rule of Civil Procedure 11. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (whether to grant plaintiff's request for leave to amend is matter of discretion, "a party may amend its complaint once as a matter of course" (internal quotation and citation omitted)).

### B. State Trade Secret Claims

Next, plaintiff argues defendant's claim for misappropriation of "secret" recipes is barred by the statute of limitations because defendant should have "discovered its potential claim over four years ago." MTD at 10–11; Reply at 5. Defendant contends plaintiff is "bootstrapping a fraudulent California registration [requirement] into a statute of limitations." *See* Opp'n at 3. An action for misappropriation of trade secrets must be brought "within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been

4

1  discovered." *Klang v. Pflueger*, No. SACV 13-01971, 2014 WL 4922401, at *7 (C.D. Cal.
2  July 10, 2014) (citing Cal. Civ. Code § 3426.6).

3  Here, plaintiff registered the "Chicago's Pizza" logo on December 20, 2016. *See* Cross-
4  Compl. ¶ 61 (citing Registration No. 5103564, Serial No. 86939166). While trademark
5  registration "serves as constructive notice of the registrant's claim of ownership," *Vietnam*
6  *Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 963 (N.D. Cal. 2019), to
7  the extent defendant alleges misappropriation of the Chicago's Pizza recipes, plaintiff's
8  registration of Chicago's Pizza trademark alone could not have provided defendants with
9  constructive notice of any theft of bonafide trade secrets. Although the pizza menus covered by
10 the trademark application identify toppings by type of pizza, they do not disclose particularized
11 pizza recipes. *See* Cross-Compl. ¶¶ 49, 61; *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp.
12 2d 1095, 1110 (N.D. Cal. 2012) (clarifying "the first known (or reasonably discoverable) breach
13 of that [trade secret] . . . creates the right to sue and . . . triggers the running of the statute of
14 limitations."). Defendant's crossclaim for violation of misappropriation of trade secrets is not
15 time barred based on the allegations currently before the court.

16 The court next considers plaintiff's argument that defendant has not sufficiently pled the
17 existence of a trade secret. MTD at 11. If information is publicly available or widely known in
18 an industry, it is not a trade secret. *Walker v. Univ. Books, Inc.,* 602 F.2d 859, 865 (9th Cir.
19 1979). The burden is on defendant ultimately to establish the information it asserts is indeed a
20 trade secret. *See Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 465–66
21 (9th Cir. 1990). While defendant alleges its recipes are trade secrets, *see* Cross Compl. ¶ 106, it
22 has not pled facts about its trade secret information to plausibly allege that information derives
23 value "from not being generally known to the public or to other persons who can obtain economic
24 value from its disclosure or use." *See* Cal. Civ. Code § 3426.1(d)(1). Defendant claims the
25 "majority of the food items" owned by plaintiff were "pirated" from defendant's menu, produced
26 by defendant "well before" plaintiff "even existed." *Id*. ¶ 61. These allegations do not
27 sufficiently allege facts showing defendant's recipes were not widely known, including in the
28 pizza industry. The court grants plaintiff's motion to dismiss defendant's crossclaim for violation

of misappropriation of trade secrets, but with leave to amend in the event the pleadings can be cured.

### C. Fraud Claims

Lastly, plaintiff argues defendant's claims arising from fraud lack sufficient specific allegations "of the circumstances constituting fraud" including the "time, place, and nature of the alleged fraudulent activities." MTD at 12 (citing Fed. R. Civ. P. 9(b)). Defendant contends its allegations provide "context" for the "understanding" that plaintiff had "reason to know [it] was dealing with improperly acquired intellectual property." Opp'n at 5 (citing Cross Compl. ¶¶ 54, 108, 125). Defendant has not pled facts as required, however, that specifically tie plaintiff to the infringing conduct and show plaintiff knowingly and substantially participated in allegedly fraudulent conduct on which its last two claims rest. *See Apple Hill Growers v. El Dorado Orchards*, No. 217CV02085, 2019 WL 5827365, at *3 (E.D. Cal. Nov. 7, 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For these reasons, the court grants plaintiff's motion to dismiss defendant's fraud claims, but with leave to amend if possible.

### D. Claims Against Individuals and Franchisees

Plaintiff's arguments that the Cross-Complaint does not provide sufficient allegations to maintain the individual and franchise cross-defendants as named defendants are well-taken. *See* Mot. at 15. In any amended complaint, defendant may address these deficiencies as well.

### IV. CONCLUSION

The motion is **granted** as follows:

(1) The claims for violations of false designation of origin and trademark infringement are dismissed with leave to amend;

(2) The claim for misappropriation of trade secrets is dismissed with leave to amend;

(3) The claims alleging fraud are dismissed with leave to amend; and

(4) Defendant shall file an amended complaint within fourteen days.

IT IS SO ORDERED.

This order resolves ECF No. 30.

DATED: October 12, 2021.

CHIEF UNITED STATES DISTRICT JUDGE