UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICAGO'S PIZZA, INC., | No. 2:19-cv-02373-DAD-CKD |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S <u>UNOPPOSED MOTION TO STRIKE DEFENDANT KSM PIZZA, INC.'S AMENDED ANSWER AND DIRECTING THE CLERK OF THE COURT TO ENTER DEFAULT AGAINST DEFENDANT KSM PIZZA, INC.</u> |
| KSM PIZZA, INC., | |
| Defendant. | |
| | (Doc. No. 56) |
| KSM PIZZA, INC., | |
| Cross Claimant, | |
| v. | |
| LIVINGSTON'S CHICAGO PIZZA, INC., et al., | |
| Cross Defendants. | |

This matter is before the court on plaintiff Chicago Pizza, Inc.'s unopposed motion to strike defendant KSM Pizza, Inc.'s amended answer and request that the Clerk of the Court be directed to enter default against defendant KSM Pizza, Inc ("KSM"). (Doc. No. 56.) Having reviewed the motion and the statement of non-opposition filed by counsel for defendant KSM, the court finds the pending motion suitable for decision on the papers. Accordingly, the court vacates

1

the hearing on the pending motion scheduled for October 4, 2022. For the reasons explained below, the court will grant the pending motion, strike KSM's amended answer, and direct the Clerk of the Court to enter default against KSM.

## BACKGROUND

On July 22, 2020, defendant KSM filed an amended answer and cross-complaint against plaintiff Chicago's Pizza, Inc. and twenty-one additional cross-defendants. (Doc. No. 22.) On October 12, 2021, the court granted plaintiff's motion to dismiss KSM's crossclaims, with leave to amend, and directed KSM to file an amended cross-complaint within fourteen days. (Doc. No. 45.) The court thereafter adopted the parties' stipulation to extend cross-claimant KSM's deadline to file an amended cross-complaint to December 21, 2021. (Doc. No. 49.) To date, cross-claimant KSM has not file an amended cross-complaint, and indeed appears to have abandoned efforts to defend against plaintiff's claims or to pursue its crossclaims.

At plaintiff's request, the court held a status conference on June 3, 2022, in which the parties explained that KSM had been suspended due to failure to pay corporate taxes, according to public records accessible on the California Secretary of State, and that counsel for KSM had lost contact with KSM, who stopped responding to counsel's correspondence and to discovery requests. (*See* Doc. No. 54, 55.) At that conference, the court ordered as follows: "After careful consideration of the parties' comments, the Plaintiff is ordered to file all necessary motion(s) to clarify the Defendant's identity and pleadings, including any motion to strike the pleadings, amend the pleadings, or to enter default, within thirty days." (Doc. No. 55.)

On June 27, 2022, plaintiff timely filed the pending motion to strike KSM's amended answer and to have default be entered against defendant KSM. (Doc. No. 56.) Because defendant KSM did not timely file an opposition or a statement of non-opposition in compliance with the Local Rules, the court ordered defendant KSM to file a response. (Doc. No. 60.) On September 6, 2022, defendant KSM filed a statement of non-opposition, stating that it "has not communicated with its attorney of record since December of 2021, and has not responded to correspondence soliciting contact sent to all known addresses of KSM Pizza, Inc., which is

/////

2

believed to be defunct based on its status as a suspended corporation by the California Secretary of State." (Doc. No. 61.)

**DISCUSSION**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, if a party files an answer and thereafter fails to plead or otherwise defend, "the court cannot enter default until the answer is stricken." *Osgood v. Main Streat Mktg., LLC*, No. 3:16-cv-2415-GPC-BGS, 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017). "A defendant's answer may be stricken when the defendant persistently fails to participate in the action." *Staniforth v. Total Wealth Mgmt., Inc.*, No. 3:14-cv-01899-GPC-JLB, 2022 WL 774733, at *2 (S.D. Cal. Feb. 17, 2022).

Here, as described above, defendant and cross-claimant KSM has not made any efforts to defend against plaintiff's claims since October 2021—nearly a year ago—and it has not participated in pursuing its own crossclaims against plaintiff and the several other cross-defendants, the majority of whom were not even served with the summons and cross-complaint. Moreover, KSM did not file an amended answer as directed by the court. Indeed, according to KSM's counsel, KSM has ceased communications and been non-responsive to counsel's efforts to contact KSM. Given these circumstances, the court finds that defendant KSM has effectively failed to defend against plaintiff's claims in this litigation and failed to participate with regard to its crossclaims as well. Accordingly, the court will grant plaintiff's motion to strike KSM's amended answer. *See also Microsoft Corp. v. Marturano*, No. 1:06-cv-1747-OWW-GSA, 2009 WL 1530040, at *2, 6 (E.D. Cal. May 27, 2009) (striking the answer of a defendant who consistently failed to participate in the litigation and then entering default judgment against that defendant); *Galtieri-Carlson v. Victoria M. Morton Enters., Inc.*, No. 2:08-cv-01777, 2010 WL 3386473, at *3 (E.D. Cal. Aug. 26, 2010) (striking defendants' answer "where none of the defendants has made an effort to defend against this lawsuit in over one year"). In addition, the
/////

court will direct the Clerk of the Court to enter default against defendant and cross-claimant KSM after striking its amended answer.

## CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion to strike defendant KSM Pizza, Inc.'s amended answer and to enter default against defendant KSM Pizza, Inc. (Doc. No. 56) is granted;

2. Defendant and cross-claimant KSM Pizza, Inc.'s amended answer (Doc. No. 22) is stricken;

3. The Clerk of the Court is directed to update the docket to reflect that defendant and cross-claimant KSM Pizza, Inc.'s amended answer (Doc. No. 22) has been stricken; and

4. The Clerk of the Court is directed to enter default against defendant and cross-claimant KSM Pizza, Inc.

IT IS SO ORDERED.

Dated:   **September 23, 2022**

_____
UNITED STATES DISTRICT JUDGE

5.